Charles B. Blonder v. Commissioner.
Blonder v. Commissioner
Docket No. 12813.
United States Tax Court
1948 Tax Ct. Memo LEXIS 203; 7 T.C.M. (CCH) 242; T.C.M. (RIA) 48061; April 29, 1948
*203 Held, that all of the income of an alleged partnership was taxable to petitioner. Arthur Richenthal, Esq., for the petitioner. Whitfield J. Collins, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax for the year 1943 in the amount of $2,839.13. The sole question is whether or not petitioner's wife was a partner within the meaning of the income tax law and entitled to return for taxation her share of the income. Findings of Fact Petitioner is an individual and a resident of New York, who filed his returns with the collector of internal revenue for the Third District of New York. Petitioner was engaged in the general insurance brokerage business and has been so engaged since 1918. Petitioner and his wife, Essie Blonder, were married in 1926. During that year petitioner and his wife entered into an agreement by which she contributed as capital for the use of the firm, thereafter called C. B. Blonder and Company, her bank account then amounting to $4,260. On December 31, 1927, the assets of C. B. Blonder and Company were listed as including a joint savings account of petitioner *204 and his wife in the amount of $1,920. This was the same bank account formerly in the sole name of Essie Blonder. In 1934 a corporation known as C. B. Blonder & Co., Inc., was formed to carry on the same business. At the time the corporation was formed petitioner subscribed for 50 shares of stock, his wife for 49 shares and a nominee for one share. Petitioner and the nominee assigned their subscription rights to Mrs. Blonder. All of the assets of the old firm were transferred to the corporation. Thereafter all 100 shares of stock of the corporation were issued to Mrs. Blonder. Petitioner became the managing official of the corporation at a salary of $200 per week. Petitioner's wife took no active part in the management and control of the corporation. On December 31, 1940, the corporation of C. B. Blonder & Co., Inc., was dissolved and its net assets were distributed to Essie Blonder. On January 25, 1941, petitioner, his wife and two solicitors, Harry Morris and Arnold B. Case, entered into a partnership agreement, agreeing to engage in the general insurance brokerage business under the name of C. B. Blonder and Company and agreed to divide the net profits of the partnership as *205 follows: 45 per cent to petitioner; 40 per cent to Essie Blonder; 10 per cent to Harry Morris and 5 per cent to Arnold B. Case. Essie Blonder transferred to the partnership the assets of the predecessor corporation which had been transferred to her on liquidation. Under the partnership agreement the petitioner was to receive a salary of $200 per week, Harry Morris was to receive a sum equal to 50 per cent of the commissions earned on the accounts solicited by him and Arnold B. Case was to receive a salary of $60 per week, plus 50 per cent of the commissions earned on the accounts solicited by him. At the end of 1941 Case left the partnership and the business was continued with petitioner receiving 50 per cent of the net profits, plus his salary. The information returns filed for the partnership in 1942 and 1943 list only the petitioner and his wife, Essie Blonder, as partners in the business and show a distribution of 50 per cent of the net profits to each of them, after adjustment for salary paid to the petitioner. During the taxable years the partnership engaged the services of five insurance solicitors, and had certain other employees. The five solicitors brought to the partnership *206 40 per cent of its business. In the course of business it was the practice of the partnership to pay premiums due but unpaid. The business of C. B. Blonder and Company, during the taxable years in question, could have been sold for approximately $100,000, payable $20,000 a year for five years but such sum could have been obtained only if petitioner agreed not to compete with the purchasers. In the operation of the company as revealed by the record, capital was not a material income-producing factor. Opinion VAN FOSSAN, Judge: In this case there is at issue the familiar question of family partnership. Petitioner, to whom respondent taxed all of the income, contends that in the taxable years his wife was a member of a partnership, consisting of petitioner, his wife, and one Morris, to which partnership his wife had contributed capital originating with her, and that accordingly, the wife is taxable on her share of the income, citing . Petitioner contends that the fact that his wife contributed no vital services, is immaterial. Respondent held that the partnership should not be recognized for income tax purposes; that all of the earnings *207 were properly taxable to petitioner. It is axiomatic that income is taxable to him who earns it. ; . It may also be stated, without fear of contradiction, that where, as here, the sole reliance of a taxpayer is a contribution by the wife of capital originating with her it must also be demonstrated that the capital so contributed was a material income-producing factor, i.e., that it was not a mere incident. Although the Supreme Court did not, in the Tower and Lusthaus cases ( expressly say so in so many words, clearly it is implicit in the language and under the ruling made that the capital contribution must be a substantial factor in the earning of income. To hold the contrary and that any contribution of capital, irrespective of its size or relationship to the earning of income, satisfies the rule laid down by the cited cases, would nullify the basic rule that income is taxable to him who earns it. A contribution of capital that is merely incidental, not proven to be a material factor in the production of income, will not direct the taxation *208 of income to the contributor. The business in which petitioner was engaged was essentially a personal service business, one in which the earnings are generally directly proportionate to the successful expenditure of personal services and personal endeavor. Petitioner contends that his business during the taxable years could have been sold for approximately $100,000, payable over five years, provided petitioner made a covenant not to compete. Assuming this statement is correct, it, from the position of petitioner, obviously proves too much, i.e., it demonstrates that the personal services of petitioner and his agents were the factors that produced the income and that the small amount of capital furnished by the wife was negligible. Petitioner contends that the contribution amounted to approximately $4,000. The record falls short of supporting this figure. The chain of title to the money originally contributed by the wife is not clearly proven, but even if such be assumed, it is not demonstrated that the contribution of the wife bore any causal relationship to the earning of income. It is noteworthy that in the partnership tax returns the income was divided equally between petitioner *209 and his wife, a circumstance which argues more for a tax-saving family arrangement than for a distribution reasonably corresponding to respective contributions of capital and services. In this connection, it is to us significant that, although petitioner claimed Morris was a partner and, in fact, assigned Morris' desire for participation as the reason for winding up the corporation and establishing the present partnership, when it came to filing the partnership returns and actually distributing the money earned, Morris is not mentioned and the funds are distributed, as above stated, equally between petitioner and his wife. Petitioner was unable to give any reason for, or any explanation of, these returns. Taxpayer contends that capital was necessary to pay the premiums of delinquent clients, stating that if he did not carry such clients they would be offended and he would lose them. No adequate proof was produced to demonstrate the amount of the accounts so carried nor to show what proportion of the total premiums earned was so paid by petitioner or the time for which they were carried. No attempt was made to show the total amount of capital necessary in the business. In short, petitioner *210 has failed to prove that capital was a material income-producing factor in its business, and we have found accordingly. On the whole record, we are of the opinion that respondent correctly taxed the entire income of the partnership to the petitioner. Decision will be entered for the respondent.